# CHARLESTON.

PAYNE & GREEN, RECEIVERS, *v.* WEBB *et al.*

Submitted January 17, 1887—Decided April 9, 1887.

1. SET-OFF.

The 1st, 2nd, 3rd and 4th points of the syllabus in *Nuzum* v. *Morris*, 25 W. Va. 559, re-affirmed.

2. SET-OFF—ATTORNEY'S FEE.

Where a suit in chancery was pending to subject land to the payment of liens charged thereon, and a decree of sale and a decree confirming sale were on petition of the debtor reversed in the appellate court, and a judgment was there entered for the debtor against the first lien-creditor for the costs in the appellate court, which judgment the debtor assigned to his attorney in part payment of his fee, and the cause was remanded, and it appeared, that the property was sufficient to pay the first lien, and the court refused to allow the assignee and attorney to be paid out of the fund

but set off the judgment for costs against a part of the judgment against the assignor—HELD:

Under the circumstances the allowance of the set-off was in-equitable and should not have been made; but a decree should have been entered for the whole amount of the plaintiff's claim against the debtor requiring the creditor out of the money realized to pay the assignee and attorney the amount of his claim.

*T. L. Broun* for appellants.

*Payne & Green* and *J. F. Brown* for appellees.

JOHNSON, PRESIDENT :

This cause has been in this Court before, when the decree was reversed with costs to the appellant, Webb, amounting to $146.80, because the liens and their priorities against Webb's land were not properly ascertained and fixed, and the cause was remanded with instructions to refer the cause to a commissioner " to ascertain the amounts and priorities of all the liens on the 120 acres of land in this cause mentioned, before again ordering a sale thereof."—This order was entered in this Court on the 22d day of March, 1884. (23 W. Va. 558). On the 20th day of June, 1884, in the Circuit Court of Kanawha county, Thomas L. Broun filed a petition setting up the fact, that he was the assignee of Webb of the said judgment for costs, and exhibited his assignment and prayed, that " execution might issue thereon in favor of himself as said assignee." This is in substance all, the petition contained. The assignment exhibited was dated the 9th day of February, 1884. It recites the pendency of the suit in the appellate court, and that it had been submitted for decision, and purported to assign to said Broun in consideration of legal services in the suit and as part payment thereof whatever costs and damages he might recover or be entitled to recover in said suit from the appellees, Payne & Green, receivers, by virtue of the decree to be rendered by said appellate court. On the 11th day of July, 1884, after the said petition had been filed, the court referred the cause to a commissioner to ascertain the amounts and priorities of the liens &c. against Webb's land.

The commissioner ascertained the priorities of the liens as follows :

"Plaintiff's claims......... .. ......... .. .............. $2,042 77
T. M. Shelton's claim......... .. ................... 411 01
Alexander Webb's claim. .............. .. ......... .. 7,014 67"

The commissioner reports:—"The defendant, W. H. Webb, is entitled to offset the claim of the plaintiff as above stated to the amount of the costs recovered by him on his appeal and awarded to him by the Court of Appeals. Said costs amount to $146.80. These costs have been assigned by said Webb to his counsel, T. L. Broun, Esq., in part payment for counsel-fees in the suit. The assignment is dated February 9, 1884, and is set up in the petition filed by said counsel in the cause, wherein he asks, that execution may issue for said costs in his name as assignee." Broun excepted to the report, "because the $146.80 costs assigned to T. L. Broun by W. H. Webb should not be applied as a credit on the amount Payne & Green, receivers, are entitled to recover of defendant, W. H. Webb; but Payne & Green, receivers, should be directed to pay said $146.80 to Thomas L. Broun as assignee of W. H. Webb;—because by the report of the commissioner T. L. Broun is entirely deprived of any benefit of the decree assigned to him by Webb for the $146.80;—because for other reasons apparent on the face of the report."

The cause was heard on the 17th day of July, 1886, and the exceptions to the report of the commissioner were overruled, and the court held : " The first lien was the plaintiff's of $2,042.76 as of December 7, 1885, less an offset of $114.92, which the court allowed of that date, it being the judgment for costs for $146.80 recovered by the defendant, Webb, against the plaintiffs in the Supreme Court Appeals on the 22d day of March, 1884, less $31.88, amount of judgment for costs, which O. A. Patton, trustee, recovered for the use of the said Merchants' Bank of Charleston against said Webb at the March term of the court, 1881, in a suit on one of the purchase-money-bonds given by said Webb. It is therefore adjudged, ordered and decreed, that the plaintiff recover against the defendant, W. H. Webb, the sum of ($1,927.84) nineteen hundred twenty seven and 84-100 dollars with interest thereon from the 7th day of December, 1885," and costs. The court adjudged the second lien to be in favor of T. M. Shelton for $411.01 and that of Alexander Webb for

$7,014.67 as the third lien, and in default of payment ordered the property sold to pay the same. From this decree the said Webb and Broun appealed.

The question here presented is : Did the court have the right under the circumstances disclosed in the record to set off the judgment of Webb against Payne & Green, receivers, to the detriment of Broun, the assignee of Webb ? The law in this State is, that opposite demands arising out of judgments or decrees between the same parties in the same right may be set off against each other, when it is equitable to do so ; but the application for this relief should not be delayed, until the interests of third parties have become involved ; that upon an application for this purpose the court is not bound by legal rules to set off such judgments in all cases, even when they are in the same right and between the same parties. Such application is addressed to the discretion of the court, and in the exercise of this discretion, even when the set-off might be legally made, the court will not grant the order allowing the set-off, if it clearly appears, that injustice will be done thereby. A party thus entitled to such set-off having subject to his control a special fund, primarily applicable to the satisfaction of his judgment or decree, will not be permitted to avail himself of his right of set-off against the assignee of such opposite judgment or decree, until such special fund is exhausted, and then only for any balance of his demand, which may remain unsatisfied. (*Nuzum* v. *Morris*, 25 W. Va. 559.)

This doctrine of set-off is never strenuously insisted on as against the interests of third parties, unless a loss must occur to some of the parties interested. If there is sufficient property to pay the demands of all the parties interested, then it is not material, whether the set-off is allowed or not, except for convenience and to end litigation. The question has generally arisen in cases where one of the original parties is insolvent.

We think it wholly unnecessary in this case to review the authorities, that having been sufficiently done in *Nuzum* v. *Morris*.

The circumstances of this case show, that Payne & Green, receivers, had the first lien on the land. From the original

record it appears, that Webb, who bought the land, had paid or agreed to pay over $4,000.00 for it; that it sold at the commissioner's sale for $2,310.00, which was bid by Shelton, who held the second lien. It is true, this Court on the former appeal set that sale aside; but it nowhere appears in either record, that the land is not sufficient to pay the first lien to Payne & Green, receivers. We assume therefore, that the land is ample to pay their claim. Then how can they be injured by the refusal of the court to allow the set-off? Certainly the assignee of Webb will be injured to the full extent of his claim if the court allow the set-off; and the set-off, if allowed, will not benefit them but Shelton, the second lienor. If the set-off be not allowed, Payne & Green will be in the same position as before, except the loss of the amount of costs rendered against them in this Court. This they must lose from their claim. It cannot be taken out of the general fund, but must come from them personally as receivers. It matters not to them, whether they be allowed the whole amount of their claim and out of it be required to pay the $146.80 to Broun, or the set-off be allowed and their claim be reduced by that amount. It seems to us, that Shelton has no right to complain; for by the refusal to allow the set-off he will not be injured, as he will stand precisely, where he did, when the former appeal was taken by Webb. If the appeal had not been taken, or the decree had been affirmed at Webb's costs, he would not have received a dollar more or less. So it would seem to us, under the just rules laid down in *Nuzum* v. *Morris*, that the assignee of Webb should have been paid out of the special fund, which was devoted to the payment of the claim of Payne & Green, receivers. Even if it appeared to us doubtful, whether this would be sufficient to pay Payne & Green in full, under the circumstances of this case without considering the vexed question, whether the lien of an attorney extends beyond the true balance ultimately ascertained to be due his client, we think, as it is shown, that the assignment was in consideration of legal services rendered in obtaining the judgment, here asked to be set off, it would be inequitable to allow such set-off to be made.

The costs recovered at the March term, 1881, of the Cir-

cuit Court of Kanawha county in an action by Patton for the use &c. against W. H. Webb ($31.88) were included in the decree, in which said set-off was made, by deducting that amount from the $146.80. This was wrong, because the subsequent liens of Shelton and Alexander Webb are prior to this, and to allow it would be to their detriment.

We think, under the circumstances of this case it would not be equitable to allow the set-off to be made and thus deprive Broun of compensation for the legal services, by which the judgment asked to be set off was obtained. The refusal to allow the set-off will work no detriment to the subsequent lienors, while the allowance of it would work an injury to Broun.

It is said, that Broun did not ask, that his claim might be allowed. It was necessary for him to file a petition under the circumstances of this case. The cause was before a commissioner to audit liens. Broun had a lien, which was brought to the notice of the commissioner, and he passed upon it and decided, that it should be set off against the indebtedness of Webb, the assignor, to Payne & Green, receivers. Broun did all, that it was necessary for him to do; and the cause was properly presented to the Circuit Court for its decision, and under the circumstances the court erred in making the set-off.

The decree is reversed with costs to T. L. Broun, and the same decree is ordered to be entered by giving a decree to Payne & Green, receivers, for their lien of $2,042.77 with interest thereon from December 7, 1885, and decreeing, that out of the same the said Payne & Green shall pay to Thomas L. Broun, assignee of William H. Webb, the sum of $146.80 with interest from the 17th day of February, 1886.

REVERSED.